**Carl E. CHAMBERLAIN, Plaintiff,**

v.

**Robert M. LISHANSKY; and David L. Harding, Defendants.**

**No. 94–CV–281.**

United States District Court,
N.D. New York.

Oct. 5, 1995.

---

Wiles & Fahey, Syracuse, NY, for Plaintiff; Joseph E. Fahey, of counsel.

Alli, Pappas & Cox, Syracuse, NY, for Defendant Lishansky; C. Andrew Pappas, of counsel.

Carter, Conboy, Case, Blackmore, Napierski & Maloney, Albany, NY, for Defendant Harding; James A. Resila, of counsel.

Dennis C. Vacco, Attorney General of the State of New York, Department of Law, Albany, New York; for Proposed Defendants; Robert A. Siegfried, Asst. Attorney General, of counsel.

## MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

## I.  INTRODUCTION.

The plaintiff has moved for leave to serve and file an amended complaint pursuant to Fed.R.Civ.P. 15(a).  The proposed additional defendants have opposed the motion, and in the alternative, cross-moved to dismiss the proposed amended complaint pursuant to Rule 12(b) if the motion to amend is granted.  The individual defendants have both moved for summary judgment pursuant to Fed. R.Civ.P. 56.  The plaintiff has opposed all of the defendants' motions.

## II.  BACKGROUND.

On May 5, 1989, one Klara Siflis was found dead, the apparent victim of a hit and run automobile accident.  After her death, but before discovery of her body, the plaintiff was arrested two miles from the scene of the accident for driving while intoxicated.  On suspicion that the plaintiff was involved in the death of Ms. Siflis, the defendants Robert M. Lishansky and David L. Harding, who were members of the New York State Police, were sent to reconstruct the accident and gather evidence.

The plaintiff was ultimately charged with the death of Ms. Siflis after the investigation revealed strong evidence that linked the car that the plaintiff was driving to the accident.  At trial, the primary issue was whether the plaintiff or one of his passengers had been driving the car at the time of the accident.  The plaintiff was convicted of second degree murder, and is currently incarcerated at Coxsackie Correctional Facility serving a term of twenty-five years to life.

Defendant Harding has since stated that he and defendant Lishansky fabricated and tampered with evidence for the purpose of linking the plaintiff to the accident.  Thereafter, plaintiff made a motion in state court pursuant to § 440.10 of the New York Criminal Procedure Law to vacate the judgment.  On October 23, 1993, this motion was denied by Tompkins County Judge Betty D. Fried-

lander in part, on the plaintiff's concession at the time of trial that the car he had been driving at the time of his DWI arrest had been involved in the death of Ms. Siflis. This civil rights action pursuant to 42 U.S.C. § 1983, was filed on March 7, 1994. Subsequently, on August 1, 1995, the plaintiff filed a petition for a writ of habeas corpus which is still pending in this court. *See Chamberlain v. Mantello*, No. 95–CV–1050 (N.D.N.Y. filed Aug. 1, 1995).

## III. DISCUSSION.

### A. Plaintiff's Motion to Amend the Complaint.

■ The plaintiff, after appointment of pro bono counsel, has submitted an amended complaint adding the New York State Police as a defendant, and adding causes of action against the two original defendants in their official capacities. The defendants oppose the plaintiff's motion arguing that the Eleventh Amendment prohibits suits against state agencies and individuals in their official capacities.

The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend ... against one of the United States." This protection is extended to "governmental entities that are considered 'arms of the State.'" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (citation omitted). Similarly, suits against individual defendants in their official capacities are suits against the State. *Id.* at 71, 109 S.Ct. at 2312.

Since the Eleventh Amendment prohibits this court from exercising its judicial authority over the additional causes of action and defendants included in plaintiff's proposed amended complaint, the motion to amend shall be denied. Therefore, the defendants' cross-motion to dismiss the proposed amended complaint is denied as moot.

### B. Individual Defendants' Motions for Summary Judgment.

■ The individual defendants argue that since the plaintiff is seeking damages for wrongful conviction and incarceration, the plaintiff must first establish that his conviction was invalid.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction...." *Heck v. Humphrey*, — U.S. —, —, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). In § 1983 suits, in order to recover, the Court has stated that "the plaintiff must prove ... actual, compensable injury ... which ... does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned)." *Id.* at — – — n. 7, 114 S.Ct. at 2372–73 n. 7.

In the instant case, for the plaintiff to obtain a judgment, he must show injury, and the only injury that he has stated is a wrongful conviction. This necessarily calls into question the validity of his conviction.

The plaintiff has cited to cases indicating a strong probability that the petition for habeas corpus relief will be granted. The defendants argue to the contrary. However, given the potential for collateral estoppel on the petition for habeas corpus, it would be inappropriate for this court to allow this § 1983 action to go forward.

The *Heck* Court has stated that if the validity of the conviction is called into question, then "the complaint must be dismissed." *Id.* at —, 114 S.Ct. at 2372. However, under the circumstances, dismissal, even without prejudice, would be a significant waste of judicial and other resources. The court will reserve decision on the defendants' motions for summary judgment, and stay all proceedings in this action pending the final resolution of the habeas corpus petition.

Therefore, it is

ORDERED that

1. Plaintiff's motion for leave to serve an amended complaint is DENIED;

2. Defendants' cross-motion to dismiss the proposed amended complaint is DENIED as moot;

3. Decision is reserved on the individual defendants' motions for summary judgment; and

4. All proceedings in this action are stayed pending the final resolution of the plaintiff's habeas corpus petition, or until further order of this court.

IT IS SO ORDERED.